# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PAULA J. GORDON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 16 C 10831 |
| | ) |
| **EVA M. DAVIS**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

When this Court reviewed its chambers file in anticipation of the previously-set April 17, 2017 status hearing in this case,[1] it found that no responsive pleading was in the file. At the April 17 hearing defense counsel acknowledged that in violation of this District Court's LR 5.2(f) he had failed to deliver to chambers a paper Judge's Copy of his responsive pleading, so that this Court ordered a prompt delivery of the missing document. Defense counsel complied the very next day by delivering a courtesy copy of the Answer and Affirmative Defenses ("ADs") originally filed on March 14. Regrettably that filing turns out to have violated a number of the basic requirements imposed on defense counsel, this time including some matters that this Court addressed more than 1-1/2 decades ago to spare its then Secretary the chore of over-frequent retyping of the venial (not mortal) sins dealt within the Appendix to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

---

[1] That was the first status hearing in the case -- it had replaced the originally-set January 27 status hearing when defendants Assured Transportation Services, Inc. and Eva Davis sought and were granted an extension of time to file their answer to the Complaint brought against them by Paula Gordon ("Gordon").

First, at several places in the Answer (Answer ¶¶ 1 and 6 through 8) counsel has distorted the straightforward form of disclaimer that Fed. R. Civ. P. ("Rule") 8(b)(5) allows to be used by a defendant who cannot straight-out admit or straight-out deny any of plaintiff's allegations as required by Rule 8(b)(1)(B). Importantly the defense counsel here speaks only of his clients' lack of knowledge, while Rule 8(b)(5) also requires both (1) a disclaimer of information and (2) as to both knowledge and information, the absence of a belief, and of course each of those two elements creates a much more demanding hurdle for a responding party to surmount in order to comply with the Rule 11(b) standard of subjective and objective good faith.

That defect alone requires the rejection of the improper disclaimer, but defense counsel has compounded his error by adding "and therefore denies the same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is also at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer. Lastly on the Rule 8(b)(5) front, defense counsel adds a demand for "strict proof" to each of the paragraphs referred to earlier, and to Answer ¶14 as well. That meaningless demand is also stricken -- in that respect see App'x ¶ 1 to <u>State Farm</u>.

Defense counsels' errors continued apace, next appearing in the nonresponsive responses (1) in Answer ¶¶ 9 and 10 to all counts in the Complaint and (2) in Count I ¶ 12 and Count III ¶ 14. All of those responses are inappropriate, failing as they do to address directly the Complaint's allegations in the corresponding paragraphs, and they may not be repeated in the amended pleading that is required of defense counsel at the conclusion of this memorandum order.

Finally, Count II ¶ 13 asserts that some of the Complaint's allegations need not be answered because they "constitute legal conclusions." That too is wrong -- see App'x ¶ 2 to State Farm.

It is painfully obvious that any attempt at an amendment to the existing pleading by defendants, rather than a self-contained Amended Answer, would create a hodgepodge for the reader. Accordingly the Answer is stricken in its entirety,[2] with leave granted to file a replacement Amended Answer on or before May 11, 2017. No charge may be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel is ordered to apprise his clients to that effect by a letter, with a copy of the letter to be transmitted to this Court's chambers solely as an informational matter (not for filing).

                                                                _____
                                                                 Milton I. Shadur
                                                                 Senior United States District Judge

Date: April 20, 2017

---

[2] This Court expresses no view as to the viability or lack of viability of the three ADs that are contained in the current responsive pleading -- if Gordon's counsel views any of them as flawed, that can be raised by an appropriate motion. Consequently the ADs may be left intact and will remain in effect together with the Amended Answer.